ANNIE E. C. MOFFETT, RELATOR, v. JOHN C. BLANDY, RESPONDENT.

Argued January 21, 1936—Decided July 9, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the relator, *Henry M. Evans.*

For the respondent, *John C. Blandy, pro se.*

Brogan, Chief Justice. This is an action in *quo warranto,* the relator having filed an information under the fourth section of the statute. *3 Comp. Stat., p.* 4212, § 4.

The relator asserts that she is entitled to the office of assessor of and for the city of Gloucester, saying that she held that office until July 1st, 1935, at which time the respondent, John C. Blandy, took possession of the said office, assumed the duties thereof and has ever since excluded the relator therefrom.

It appears that the said Blandy was appointed by the governing body of the city of Gloucester to the office of assessor on January 1st, 1935, his three-year term to begin on July 1st, 1935. It also appears that the three-year tenure possessed by the relator, by its own limitation, expired on June 30th, 1935. She contends, however, that her three-year term was extended for an additional two years by an act of the legislature known as *Pamph. L.* 1935, *ch.* 277, *p.* 886; *N. J. Stat. Annual* 1935, *p.* 338; § 136-1229B(4). That act provides, with some exceptions, for an extension of the term of assessors for an additional two years. If the statute upon which reliance is placed by the relator were valid, clearly the relator would have been protected in her office for a further two years after June 30th, 1935.

We have determined, however, that the statute in question is invalid (*Raymond* v. *Teaneck,* 14 *N. J. Mis. R.* 487). No useful purpose will be served by repeating what was said in determining that case. The statute upon which relator's claim to the office rests, being unconstitutional, her right to the office fails.

Judgment for the respondent, with costs.